# EXHIBIT A

Loan Number: [redacted]
Borrower: JESUS CARBAJAL
Property Address: 40176 BLANCHARD ST, FREMONT, CALIFORNIA 94538

# Collateral Mod Agreement

(Indexed Returned Doc as <u>CMP Signed Final Mod Agreement</u>)

Date: APRIL 19, 2011     Correct Version: ver. 04_13_2011_12_39_52

Is the Modification Agreement the correct and most recent version? YES

Is the Modification Agreement unmarked? YES

Is the Modification Agreement signed by all borrowers? YES

Did each borrower date their signature lines? YES

Are the signatures original/"wet" signatures? YES

Is the Lender signature line/notary section clean and unmarked? YES

**Borrower Sig Date:     04-18-2011**



**QC Pass**

# JPMC Separation Page

## Loan Info:

Customer ID: **JPMC-WAMU**
Loan Number: ▮
LOB: **WAMU**
Borrower Name: **JESUS CARBAJAL**
Property Address: **40176 BLANCHARD ST FREMONT CALIFORNIA 94538**

## To:

Borrower Name: **JESUS CARBAJAL**
Mailing Address: **40176 BLANCHARD ST FREMONT CALIFORNIA 94538**

Mod: Passed QC; QPMA;

## From: WAMU

**Package Type: CMP_MOD_FINAL_QC**

**Number of Envelopes: 0**





# DO_NOT_MAIL

Ship Date: N/A

Loan Number ▓▓▓▓

# LOAN MODIFICATION AGREEMENT

Borrower ("I")[1]: **JESUS CARBAJAL and MARIA S CARBAJAL**
Lender ("Lender"): **CHASE HOME FINANCE LLC**
Date of First Lien Security Instrument (the "Mortgage") and Note (the "Note"): **MAY 03, 2005**
Loan Number: **0689313047** (the "Loan")
Property Address: **40176 BLANCHARD ST, FREMONT, CALIFORNIA 94538** (the "Property")

If my representations in Section 1 continue to be true in all material respects, then the provisions of Section 2 of this Loan Modification Agreement ("Agreement") will, as set forth in Section 2, amend and supplement (i) the Mortgage on the Property, and (ii) the Note secured by the Mortgage. The Mortgage and Note together, as may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement have the meaning given to them in the Loan Documents.

I have provided confirmation of my financial hardship and documents to permit verification of all of my income to determine whether I qualify for the offer described in this Agreement. This Agreement will not take effect unless and until the Lender signs it.

1. **My Representations.** I represent to the Lender and agree:

    A. I am experiencing a financial hardship, and as a result, am either in default under the Loan Documents or a default is imminent.

    B. The Property is neither in a state of disrepair, nor condemned.

    C. There has been no change in the ownership of the Property since I signed the Loan Documents.

    D. I am not a party to any litigation involving the Loan Documents, except to the extent I may be a defendant in a foreclosure action.

    E. I have provided documentation for all income that I earn.

    F. All documents and information I provide pursuant to this Agreement are true and correct.

2. **The Modification.** The Loan Documents are hereby modified as of **JUNE 01, 2011** (the "Modification Effective Date"), and all unpaid late charges are waived. The Lender agrees to suspend any foreclosure activities so long as I comply with the terms of the Loan Documents, as modified by this Agreement. The Loan Documents will be modified, and the first modified payment will be due on the date set forth in this Section 2:

    A. The Maturity Date will be: **JUNE 01, 2035.**

    B. The modified principal balance of my Note will include all amounts and arrearages that will be past due (excluding unpaid late charges) and may include amounts towards taxes, insurance,

---

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I". For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

WF101 V2 2-23-10 LOAN MODIFICATION AGREEMENT - CHAMP    ver. 04_13_2011_12_39_52    Page 1 of 6 pages



or other assessments. The new principal balance of my Note is $567,543.71 (the "New Principal Balance").

C. **$59,500.00** of the New Principal Balance shall be deferred (the "Deferred Principal Balance"), and I will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance," and this amount is **$508,043.71**. The Interest Bearing Principal Balance will re-amortize over **480** months to a remaining scheduled balance on the Maturity Date of **$363,236.27** (the "Balloon Payment"), which is part of the Interest Bearing Principal Balance. The Balloon Payment will be repaid in accordance with Section 2.D.

Interest will begin to accrue as of **MAY 01, 2011**. The first New monthly payment on the New Principal Balance will be due on **JUNE 01, 2011**, and monthly on the same date thereafter.

This Section 2.C does Not apply To the repayment of any Deferred Principal Balance And such a balance will be repaid In accordance With Section 2.D. My payment schedule For the modified Loan Is As follows:

I promise to pay monthly payments according to the following schedule with respect to the Interest Bearing Principal Balance.

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal & Interest Payment Amount | Payment Begins on | Number of Monthly Payments |
|---|---|---|---|---|---|
| 1-5 | 2.000% | 05/01/2011 | $1,538.49 | 06/01/2011 | 60 |
| 6 | 3.000% | 05/01/2016 | $1,787.36 | 06/01/2016 | 12 |
| 7 | 4.000% | 05/01/2017 | $2,050.07 | 06/01/2017 | 12 |
| 8-25 | 4.875% | 05/01/2018 | $2,289.28 | 06/01/2018 | 205 |

The Lender will notify me of the payment amount prior to the date that the monthly payment on the Interest Bearing Principal Balance will change.

If the Loan Documents currently provide for a balloon, the Balloon Amount resulting from this modification may be different. The balloon payment of **$303,736.27** will be due on the maturity date unless due earlier in accordance with Section 2.D.

The Deferred Principal Balance of **$59,500.00** will be due on the maturity date unless due earlier in accordance with Section 2.D.

The above terms in this Section 2.C shall supersede any provisions to the contrary in the Loan Documents, including but not limited to provisions for an adjustable or step interest rate.

D. I agree to pay in full (i) the Deferred Principal Balance, if any; and (ii) any other amounts still

WF101 V2 2-23-10 LOAN MODIFICATION AGREEMENT - CHAMP    ver. 04_13_2011_12_39_52    Page 2 of 6 pages



owed under the Loan Documents, including the Balloon Payment, as identified within this Agreement by the earliest of the date I sell or transfer an interest in the Property, subject to Section 3.E below, the date I pay the entire Interest Bearing Principal Balance, or the Maturity Date.

E. I will be in default if I do not (i) pay the full amount of a monthly payment on the date it is due, or (ii) comply with the terms of the Loan Documents, as modified by this Agreement. If a default rate of interest is permitted under the current Loan Documents, then in the event of default, the interest that will be due on the Interest Bearing Principal Balance will be the rate set forth in Section 2.C, and there will be no interest payable on the Deferred Principal Balance, if any.

F. If I make a partial prepayment of principal, the Lender may apply that partial prepayment first to any remaining Deferred Principal Balance before applying such partial prepayment to other amounts due under this Agreement or the Loan Documents.

3. **Additional Agreements.** I agree to the following:

   A. That this Agreement shall supersede the terms of any modification, forbearance, or workout plan, if any, that I previously entered into with the Lender.

   B. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of the Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, impounds, and all other payments, the amount of which may change periodically over the term of my Loan. This Agreement does not waive future escrow requirements. If the Loan includes collection for tax and insurance premiums, this collection will continue for the life of the Loan.

   C. That the Loan Documents are composed of valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

   D. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and provisions of the Loan Documents.

   E. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, I agree as follows: If all or any part of the Property or any interest in it is sold or transferred without the Lender's prior written consent, the Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, the Lender shall not exercise this option if federal law prohibits the exercise of such option as of the date of such sale or transfer. If the Lender exercises this option, the Lender shall give me notice of acceleration. The notice shall provide a period of not less than thirty (30) days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, the Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.



Loan Number ▮

F. That, as of the Modification Effective Date, a buyer or transferee of the Property will not be permitted, under any circumstance, to assume the Loan. In any event, this Agreement may not be assigned to, or assumed by, a buyer of the Property.

G. If any document is lost, misplaced, misstated, or inaccurately reflects the true and correct terms and conditions of the Loan Documents as amended by this Agreement, within ten (10) days after my receipt of the Lender's request, I will execute, acknowledge, initial, and deliver to the Lender any documentation the Lender deems necessary to replace or correct the lost, misplaced, misstated or inaccurate document(s). If I fail to do so, I will be liable for any and all loss or damage which the Lender reasonably sustains as a result of my failure.

H. All payment amounts specified in this Agreement assume that payments will be made as scheduled.

I. If the Borrower(s) received a discharge in a Chapter 7 bankruptcy subsequent to the execution of the Loan Documents, the Lender agrees that such Borrower(s) will not have personal liability on the debt pursuant to this Agreement.

J. That in agreeing to the changes to the original Loan Documents as reflected in this Agreement, the Lender has relied upon the truth and accuracy of all of the representations made by the Borrower(s), both in this Agreement and in any documentation provided by or on behalf of the Borrower(s) in connection with this Agreement. If the Lender subsequently determines that such representations or documentation were not truthful or accurate, the Lender may, at its option, rescind this Agreement and reinstate the original terms of the Loan Documents as if this Agreement never occurred.

K. I acknowledge and agree that if the Lender executing this Agreement is not the current holder or owner of the Note and Mortgage, that such party is the authorized servicing agent for such holder or owner, or its successor in interest, and has full power and authority to bind itself and such holder and owner to the terms of this modification.

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

(SIGNATURES CONTINUE ON FOLLOWING PAGES)



Loan Number ▮

## TO BE SIGNED BY BORROWER ONLY

**BORROWER** SIGNATURE PAGE TO MODIFICATION AGREEMENT BETWEEN CHASE HOME FINANCE LLC AND JESUS CARBAJAL and MARIA S CARBAJAL, LOAN NUMBER 0689313047 WITH A MODIFICATION EFFECTIVE DATE OF JUNE 01, 2011

In Witness Whereof the Borrower(s) have executed this agreement.

Borrower - JESUS CARBAJAL        Date: 4/18/11

Borrower - MARIA S CARBAJAL      Date: 4/18/11

WF101 V2 2-23-10 LOAN MODIFICATION AGREEMENT - CHAMP   ver. 04_13_2011_12_39_52        Page 5 of 6 pages



Case: 10-70154   Doc# 26-1   Filed: 06/07/11   Entered: 06/07/11 16:17:09   Page 8 of 9

Loan Number ███████████

## TO BE SIGNED BY LENDER ONLY

**LENDER** SIGNATURE PAGE TO YOUR MODIFICATION AGREEMENT BETWEEN CHASE HOME FINANCE LLC AND JESUS CARBAJAL and MARIA S CARBAJAL, LOAN NUMBER 0689313047 WITH A MODIFICATION EFFECTIVE DATE OF JUNE 01, 2011

In Witness Whereof, the Lender has executed this Agreement.

**CHASE HOME FINANCE LLC**
Lender

By: _____

Date: _____

WF101 V2 2-23-10 LOAN MODIFICATION AGREEMENT - CHAMP   ver. 04_13_2011_12_39_52    Page 6 of 6 pages



Case: 10-70154   Doc# 26-1   Filed: 06/07/11   Entered: 06/07/11 16:17:09   Page 9 of 9